UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| **AIG Property Casualty Company** ) <br> **a/s/o C&S Wholesale Grocers, Inc.,** ) <br>     Plaintiff ) <br>  ) <br> v. ) <br>  ) <br> **Liberty Mutual Insurance Company** ) <br>     Defendant ) | Civil No.: _____ |

# COMPLAINT

NOW COMES the Plaintiff, AIG Property Casualty Company ("AIG") a/s/o C&S Wholesale Grocers, Inc., by and through its attorneys, Devine, Millimet & Branch, Professional Association, and complains against the defendant, Liberty Mutual Insurance Company as follows:

## Parties

1. AIG is an insurance company with a principal place of business at 175 Water Street, 18th Floor, New York, NY 10038. AIG is licensed to issue insurance policies in Massachusetts and New Hampshire.

2. C&S Wholesale Grocers, Inc. ("C&S") is a New Hampshire corporation with a principal place of business at 7 Corporate Drive, Keene, New Hampshire 03431.

3. Liberty Mutual Insurance Company ("Liberty Mutual") is an insurance company with a principal place of business at 175 Berkeley Street, Boston, Massachusetts 02116. Liberty Mutual is licensed to issue insurance policies in Massachusetts and New Hampshire.

**Jurisdiction and Venue**

4. This Court has jurisdiction pursuant to 28 U.S.C. §1332(a) as there is complete diversity among the parties and the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as defendant Liberty Mutual is a resident of the Commonwealth of Massachusetts and issued an insurance policy at issue within the Commonwealth of Massachusetts.

**Factual Background**

6. This coverage dispute arises from a motor vehicle accident that occurred on or about September 11, 2013 in Chesterfield, New Hampshire, involving a vehicle operated by Dominic Delvecchio and another vehicle operated by Michael Cady (the "Accident").

7. Cady was operating his personal vehicle, which was garaged in Massachusetts, at the time of the Accident.

8. Delvecchio subsequently sued Cady and Cady's employer, C&S, claiming that Cady was responsible for the Accident and that C&S was liable on a respondeat superior theory because Cady was allegedly acting within the scope of his employment for C&S at the time of the Accident.

9. At the time of the Accident, Cady was insured under a personal auto policy issued by Liberty Mutual in the amount of $100,000. The policy was issued in Massachusetts.

10. Cady was also insured under a personal umbrella policy issued by Liberty Mutual in Massachusetts with a policy limit of $1,000,000 (the "Liberty Umbrella Policy").

11. The Liberty Umbrella Policy contains an "other insurance" provision which states as follows:

> This policy applies only to damages in excess of the **retained limit** for an occurrence. If collectible insurance with any other insurer is available for a loss also covered by this policy, this policy will be excess only and will not contribute with such other insurance.

(emphasis in original).

12. At the time of the Accident, C&S was insured under a business auto policy issued by AIG (the "AIG Policy"). The AIG Policy included an endorsement which provided coverage for C&S employees "while using a covered 'auto' you don't own, hire or borrow in your business affairs or personal affairs."

13. The AIG Policy also contains an "other insurance" provision which states, in relevant part, as follows:

   a. For any covered 'auto' you own, this Coverage Form provides primary insurance. For any covered 'auto' you don't own, the insurance provided by this Coverage Form is excess over any other collectible insurance.
   d. When this Coverage Form and any other Coverage Form or policy covers on the same basis, either excess or primary, we shall pay only our share. Our share is the proportion that the Limit of Insurance of our Coverage Form bears to the total of the limits of all the Coverage Forms and policies covering on the same basis.

14. The parties subsequently settled the Delvecchio Action at mediation for $3,000,000.

15. The insurers agreed that the Liberty Mutual personal auto policy provided primary coverage in the amount of $100,000 and, accordingly, the initial $100,000 was paid from the personal auto policy.

16. The insurers disagreed about which insurer was responsible for amounts in excess of the $100,000 primary coverage limit.

17. Liberty Mutual asserted that its "other insurance" provision made the Liberty Umbrella Policy excess of any other available insurance and, therefore, the Liberty Umbrella Policy was not triggered until the $5,000,000 available under the AIG Policy was exhausted.

18. AIG asserted that the "other insurance" provisions in the two policies were mutually repugnant and, therefore, the insurers were required to either contribute equally to any excess amount or contribute to the excess on a pro rata basis.

19. The insurers ultimately agreed to settle the case for $3,000,000, with Liberty Mutual contributing $150,000 through the Liberty Umbrella Policy and AIG contributing $2,750,000 through the AIG Policy, while reserving the right to contest its excess coverage obligations through a subsequent declaratory judgment action.

20. AIG now brings this action to resolve its coverage dispute with Liberty Mutual.

## COUNT I
**(Declaratory Judgment)**

21. AIG restates and incorporates by reference each of the allegations in the foregoing paragraphs as if fully set forth herein.

22. An actual case or controversy exists concerning the rights and obligations of parties as a result of the "other insurance" provisions in the AIG Policy and the Liberty Mutual Umbrella Policy.

23. AIG is entitled to a declaration that the "other insurance" provisions in the AIG Policy and Liberty Umbrella Policy are mutually repugnant and, accordingly, AIG and Liberty Mutual are obligated to contribute to the excess payment on an equal basis until the Liberty Umbrella Policy is exhausted. AIG, therefore, is entitled to a declaration that Liberty Mutual is required to contribute a total of $1,000,000 towards the settlement (less the $150,000 already paid).

24. Alternatively, AIG is entitled to a declaration that, based on the "other insurance" provisions" in the AIG Policy and Liberty Umbrella Policy, AIG and Liberty Mutual are obligated to contribute to the excess payment on a pro rata basis based on the proportion that each insurers' policy limit bears to the total limits available.  AIG, therefore, is entitled to a declaration that Liberty Mutual is required to contribute a total of $580,000 towards the settlement (less the $150,000 already paid).

WHEREFORE, AIG respectfully requests that this Honorable Court:

A. Issue a declaration that Liberty Mutual is obligated to contribute towards the settlement in the amounts as stated above; and

B. Grant AIG such other and further relief as this Court deems just and equitable.

Respectfully submitted,

AIG a/s/o C&S WHOLESALE GROCERS, INC.

By its Attorneys,

DEVINE, MILLIMET & BRANCH,
PROFESSIONAL ASSOCIATION

Date:  December 10, 2015         By:  /s/ Brendan P. Mitchell
                                 Brendan P. Mitchell, Esquire (BBO No. 633835)
                                 111 Amherst Street
                                 Manchester, NH  03101
                                 (603) 669-1000

J:\WDOX\DOCS\CLIENTS\000187\104393\M3027597.DOC